BLIVEN (NEW ENGLAND SCREW CO. v.). See Cases Nos. 10,156 and 10,157.

---

## Case No. 1,551.

In re BLOCH et al.

[18 N. B. R. 328.][1]

District Court, S. D. New York. Aug. 15, 1878.

BANKRUPTCY—COMPOSITION—OBJECTIONS TO VOTE —WHEN TO BE TAKEN—CONFIRMATION—REVERSION OF PROPERTY TO BANKRUPT—PRIOR WRONGFUL ACT OF BANKRUPT—EFFECT.

1. Objections to the vote of a creditor upon a resolution of composition, on the ground that his claim is fictitious or invalid, should be made at the first meeting and before the vote is taken; or if the facts impeaching its validity are afterwards discovered, application should be promptly made for relief; such objections cannot be raised for the first time upon a motion for confirmation.

2. The composition was for twenty-five per cent., payable five cents cash in five days after confirmation, and ten cents at the end of three and six months each from the same date. The resolution provided that upon payment of the five cents the property should revert to the debtor. It appeared that the bankrupts had, with a full knowledge of the wrongful nature of their act, used moneys belonging to a creditor, without his consent, which they had deposited in bank in their own name as a special deposit for him. Held, that the arrangement was not judicious nor reasonably safe for the creditors. A person proved once to have misappropriated the funds of another, fully understanding the wrongful character of the act, is unfit to be trustee of property for the benefit of his creditors.

[Cited in Re McNab & Harlin Manuf'g Co., Case No. 8,906.]

[In bankruptcy. In the matter of Emily Bloch and Morris Bloch. Motion to confirm a composition. Denied.]

Morris S. Wise, for motion.
J. A. Seixas, contra.

CHOATE, District Judge. This is a motion to confirm a composition. The composi-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reprinted by permission.]

tion is twenty-five cents on the dollar, payable five cents cash in five days after the composition is confirmed, and ten cents at the end of three and six months each from the same date, to be secured by the promissory notes of the debtors. It also provides that the property shall revert to the debtors on payment of the instalment of five cents. The composition was accepted by a vote of fifteen creditors, representing sixteen thousand six hundred and sixty-three dollars and thirty-six cents, against three creditors, representing two thousand eight hundred and forty-two dollars and thirty-nine cents. One of the assenting creditors, Henry Nathan, is a brother of one of the debtors, Emily Bloch, and he proved for six thousand three hundred dollars. Morris Bloch is a son of Emily Bloch, and the business of the firm was that of retail dealers in cigars and tobacco, etc.

1. Objection is taken to the note of Nathan being counted in making the majority necessary for the acceptance of the composition. It is insisted that upon the evidence this is a fictitious claim, or at least that it is of very doubtful validity. This objection comes too late. It has been before held that such objections should be made at the first meeting and before the vote is taken, and if necessary, and the result of the vote will be affected by the determination of disputed debts, the meeting should be kept open till their re-examination. Or if the facts impeaching a debt that has been proved are afterwards discovered, application should be promptly made for relief. It must therefore, at this stage of the case, be assumed, for the purpose of this motion, that the debts proved were valid debts.

2. It does not appear that the amount proposed to be paid is unfair, nor that there is a reasonable expectation, that upon winding up the estate in bankruptcy, it will yield to the creditors more than twenty-five cents on the dollar.

3. It is objected that the composition above five cents on the dollar is not secured; that the character of the debtors is shown to be such that they cannot safely be trusted with their property; and that the creditors have no assurance whatever that they will be paid, nor that the property will be applied for that purpose by the debtors. This objection is sustained. The arrangement is not judicious nor reasonably safe for creditors. The largest claim against the estate, that of Nathan, above referred to, grew out of the use by the firm of moneys belonging to Nathan, deposited in bank by the firm in their name as a special deposit for him. It was used by the firm without his consent, and with a full knowledge of the wrongful nature of the misappropriation. All this is confessed by the debtors. In the case of In re Wilson [Case No. 17,785], the question that arises here has been fully considered, and it was held that the personal and business character of the debtor is the chief element to be con-

sidered in passing on the objection that the composition, being without security for the notes to be given, leaves the property in the possession of the debtors. A person proved once to have misappropriated the funds of another, fully understanding the wrongful character of the act, is unfit to be trustee of property for the benefit of his creditors, which is virtually what this composition makes the debtors.

Motion denied, with leave to the debtors, within five days, to file an amended proposition, with security for the notes, in which case the meeting may be re-opened for further action of the creditors, or the motion may be renewed.